The judgment of court was pronounced by
Preston, J.
The defendant, accused and convicted of murder, has appealed to this court. His counsel moved in the district court for a new trial, on four grounds, three of which are insisted upon in this court, his application for a new trial having been refused.
1st. The State was allowed peremptorily to challenge a juror after presenting him to the prisoner, and after he was accepted by the prisoner.
The right of the State to challenge six jurymen, without cause, in criminal cases, was first granted by an act of the Legislature, approved the 7th March, 1837. The act- did not declare whether the State should exercise this right before or after the prisoner had exercised his right of challenge ; and no practice under the statute has been established, nor is any principle involved in the question whether the State, or prisoner, shall first exercise the right of challenge. The cause assigned is not, therefore, a sufficient cause for granting a new trial.
As in the case of the State against Cummings, we will observe, that the better practice would be, for the State to exercise the right of challenge first; and present the juror to the prisoner as a good and lawful juryman. And if this practice become well established, a departure from it may be a good cause for granting a new trial; for when new principles are introduced into our criminal law by statute, it behooves all the courts to cany them into effect by a uniform practice.
2d. It is alleged, that the indictment has upon its face “alterations, interlineations and interpolations, made in a different hand-writing from the body of the indictment, and not expressly authorized, or noted in any manner by the grand jury. The grand juiy alone have power to amend, or authorize an amendment of their indictments.” It is no doubt proper and commendable in all officers of the State, to present the public documents emanating from them in a fair hand *430 without erasures or interlineations. But iu this case we have no doubt, from the testimony, that the indictment appeal’s on record verbatim et literatim- as it was presented by the attorney general and found by the grand jury; and we would take this for granted without statement or proof, on behalf of the State, until the defendant should establish the contrai’y by irresistible proof.
The multiplicity of business imposed Upon the attorney general and district attorney in the first district, compels them to write with such haste as sometimes to require them to interline the- indictments they lay before the grand juries, and the informations they file in court; and they are not allowed clerks to copy those or other writings required in the performance of their duties. Even this court is often necessitated, by the accumulation of cases, to interline its opinions before delivered. In all such cases, entire confidence is to be placed in the sworn officers of the State, and in the writings they publish as their own, until a formal accusation is made of malfeasance in office, supported by proof.
It is lastly urged., that the verdict is not responsive to indictment. Raymond Florez was indicted and tried; it is said Raymond Florez is found guilty by the verdict. It does not clearly appear by inspection, whether the foreman of the jury intended Flory or Florez, in writing the name of the accused in the verdict. He was not a good scribe. It is impossible to say whether his own name was Welder or Wilder, from his signature in two places. A name so badly spelled as to change the sound may affect the indictment; but no authority has been furnished us to show that bad spelling vitiates a verdict.
The accused was tried by his true name, to which he had plead. A verdict of guilty was written on the back of the indictment. The law presumes that it was the person tried who was found guilty, and not a person not tried, or a fictitious person. The name in the verdict may be rejected as surplussage. It is no material part of the finding. The only tendency of inserting the name in the verdict erroneously spelled, is to uncertainty; but there is no such uncertainty in the record, as to the person indicted, who plead, was tried, and found guilty, as to afford any ground for a new trial.
The clerk, in entering the verdict at the time of its rendition, and before there was any controversy as to the spelling of the name, entered it on the record correctly spelled. He probably recorded it from the mouth of the foreman, who was, no doubt, according to correct practice, asked to look upon the prisoner, and to pronounce orally, whether the jury found the prisoner tried by them, and not another person, guilty, or not guilty, of the murder charged in the indictment.
It is usual, and was no doubt done in this important case, to read the verdict to the jury after it-is recorded, and ask them if it is their verdict; so that the verdict on record, correctly spelled, is really the verdict found by the jury.
The judgment of the district court is affirmed, with costs.